UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JEFFREY LYNN NELSON, JR.,      )
                               )
          Plaintiff            )
                               )      No. 1:11-0016
v.                             )      Judge Campbell/Brown
                               )
GILES COUNTY JAIL, et al.,     )
                               )
          Defendants           )

**TO: THE HONORABLE TODD J. CAMPBELL**

<u>**REPORT AND RECOMMENDATION**</u>

For the reasons stated below, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and obey Court orders.

**Background**

On March 22, 2011, the Plaintiff was allowed to proceed *in forma pauperis* and was granted 21 days to return service packets to the Clerk. On the return of the service packets process was to issue as to the Defendants. The Plaintiff was specifically warned that failure to return the service packets within the time provided would jeopardize the prosecution of this case (Docket Entry 7). It appears that this order was received by the Plaintiff on October 30, 2010 (Docket Entry 9). As of the date of this Report and Recommendation no service packets have been returned and the case cannot proceed without the return of the service packet so that the United States Marshal may serve process.

The Plaintiff is under a Court order to return the service packets within a time limit and the Plaintiff has been

warned that failure to do so could jeopardize the prosecution of his case. This recommendation is appropriate under Federal Rules of Civil Procedure 41(b) and Plaintiff has failed to obey Court orders. *Carver v. Bunch*, 946 F.2d 451 (6th Cir. 1991). In general the Court should apply a four-part test: (1) whether the failure to obey was willful; (2) whether it causes prejudice to the other party; (3) whether the party was warned of possible dismissal; and (4) whether the Court has considered less drastic measures. In this case it appears that the Plaintiff received the Court's order and the service packets and that he has failed to comply with order by either returning the service packets or requesting additional time.

Prejudice to the other party may well be that until they are served they have no knowledge of the suit and that evidence could potentially be lost. The Plaintiff was further warned that failure to return the service packet would jeopardize his prosecution. Given what appears to be a willful violation of the Court's order, the Magistrate Judge does not believe that a lesser sanction is appropriate in the absence of some explanation of the Plaintiff of why he has not returned the service packets.

### Recommendation

For the reasons stated above, the Magistrate Judge recommends that this case be **DISMISSED** without prejudice for failure to obey Court rules and to prosecute his case under Rule 41(b).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 11th day of May, 2011.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge